**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**July 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

BRENDA TAITE,

      Plaintiff - Appellee,

v.

THERESA RAMOS, individually and in
her official capacity,

      Defendant - Appellant,

and

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS,

      Defendant.

No. 14-2220
(D.C. No. 1:13-CV-00792-JAP-RHS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Theresa Ramos appeals the district court's denial of summary judgment as to

Brenda Taite's claims against her under 42 U.S.C. §§ 1981 and 1983.  We lack

jurisdiction in this interlocutory appeal to review the order concerning the § 1981

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim and therefore dismiss the appeal as to that claim. We reverse and remand the order as to the § 1983 claim for further proceedings.

## BACKGROUND

In April 2012, Ms. Taite was hired as an Equal Opportunity Specialist with the University of New Mexico's (University) Office of Equal Opportunity. Pursuant to University policy, she was required to serve a six month probationary period. According to that policy, she could be terminated for any reason, with or without cause, during the probationary period. Two months into the probationary period, she was terminated by Ms. Ramos.

Believing she was the victim of discrimination, Ms. Taite sued the University and Ms. Ramos. Relevant here, she alleged claims under §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17. Regarding the § 1981 and § 1983 claims, Ms. Taite's pro se amended complaint states: "[Ms.] Ramos (sic) acts of race discrimination and retaliation, as well as [her] creation of a hostile work environment, *have violated provisions of the Fourteenth Amendment of the United States Constitution* and the plaintiff is entitled to pursue remedies under 42 U.S.C. Section 1981 & 1983." Aplt. App. at 58 (emphasis added).

The district court found that the existence of disputed material facts precluded summary judgment on the § 1981 claim. As to the § 1983 claim and Ms. Ramos's defense of qualified immunity, the court concluded that Ms. Taite's "right to be free from racial discrimination was clearly established at the time of her employment with

2

[the University]," and the existence of disputed issues of material fact likewise precluded summary judgment. *Id*. at 185.

## ANALYSIS

### The § 1981 Claim

The district court explained that Ms. Ramos "does not seek qualified immunity on [Ms. Taite's] § 1981 claims, and instead, argues that she is entitled to summary judgment on the § 1981 claims." *Id*. at 191. Notwithstanding, Ms. Ramos maintains that she did seek qualified immunity and therefore this court has jurisdiction to review the order. We disagree. Specifically, Ms. Ramos argued that Ms. Taite's "Section 1983 claims against [her] in her individual capacity are subject to dismissal on the basis of qualified immunity and *[her] Section 1981 claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c)*." *Id*. at 63 (emphasis added). We have further mined the pleadings to unearth any argument of qualified immunity in relation to the § 1981 claim, and find none.[1]

"Unlike the denial of qualified immunity . . . the denial of [a] motion for summary judgment is not a final decision under 28 U.S.C. § 1291 and is not normally reviewable by this Court." *Lee v. Nicholl*, 197 F.3d 1291, 1297 (10th Cir. 1999). Because Ms. Ramos did not move for qualified immunity with respect to the § 1981 claim, we lack jurisdiction to review the order denying summary judgment.

---

[1] Ms. Ramos's motion was captioned "Defendant Theresa Ramos' Motion for Summary Judgment Based on Qualified Immunity." Aplt. App. at 62. However, the substance of a pleading—not its caption—controls. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (explaining that "captions do not control").

3

**The § 1983 Claim**

Ms. Ramos did argue for qualified immunity as to the § 1983 claim. And because she appeals a legal conclusion—whether the law was clearly established— we have jurisdiction to review the order. "[A] district court's decision denying a government official qualified immunity is an immediately appealable final collateral order . . . [provided the appeal] is limited to purely legal issues raised by the denial of qualified immunity." *Morris v. Noe*, 672 F.3d 1185, 1188-89 (10th Cir. 2012) (internal quotation marks and brackets omitted).

"[B]ecause qualified immunity is designed to protect public officials from spending inordinate time and money defending erroneous suits at trial, we review summary judgment decisions involving a qualified immunity defense somewhat differently than other summary judgment rulings." *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 800 (2013). Where a defendant asserts qualified immunity, "the burden shifts to the plaintiff to satisfy a strict two-part test: first, the plaintiff must show that the defendant's actions violated a constitutional or statutory right; second, the plaintiff must show that this right was clearly established at the time of the conduct at issue." *Id.*

Ms. Taite attempted to meet the first part of the test by arguing that Ms. Ramos "violated [her] constitutional right to equal protection of the laws." Aplt. App. at 121. Despite this argument and the amended complaint, which pled a Fourteenth

Amendment violation as the basis for the § 1983 claim, the district court rejected the notion the claim was based on a constitutional violation:

> It also appears that Defendant Ramos seeks dismissal of two claims that Plaintiff did not raise in her Amended Complaint: (1) a violation of Plaintiff's Fourteenth Amendment right to procedural due process protections in relation to a property interest of continued employment and (2) a violation of Plaintiff's right to equal protection under the Fourteenth Amendment. . . . Nothing in the Amended Complaint alleges that Plaintiff had a legitimate interest in continued employment at [the University of New Mexico] or that Plaintiff was terminated without specific due process protections. . . . The same is true with respect to an equal protection claim under the Fourteenth Amendment. Nothing in Count 3 of Plaintiff's Amended Complaint specifically alleges an equal protection cause of action. Yet, in briefing, Defendant Ramos primarily discusses a possible Equal Protection Clause claim instead of analyzing the pertinent elements of a race discrimination claim under §§ 1983 and 1981, a claim that Plaintiff did clearly allege.

*Id*. at 176-77.

The district court found instead that the § 1983 claim was based on the "right to be free from racial discrimination," and citing Title VII, it concluded the law "was clearly established at the time of [Ms. Taite's] employment with [the University]." *Id*. at 185. In so ruling, the court effectively eliminated Ms. Taite's § 1983 claim. Although the same conduct can support a violation of § 1983 and Title VII, "a plaintiff may base a section 1983 claim on actions proscribed by Title VII where those actions also violate the United States Constitution." *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990) (internal quotation marks omitted). *See also Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992) ("[T]he basis for a § 1983 claim is 'independent' from Title VII when it rests on substantive rights provisions *outside* Title VII—that is, when it rests on a constitutional right or a federal statutory

right other than those created by Title VII").  Here, the court's determination that

Ms. Taite's § 1983 claim was not based on either a constitutional right or a statutory

right other than Title VII, means there is no claim.

Under different circumstances we might remand the case to the district court to

enter judgment for Ms. Ramos on the § 1983 claim.  But neither the court nor the

parties have been afforded an opportunity to examine the issue and explain their

respective positions concerning the court's characterization of the § 1983 claim under

the principles announced in *Notari* and *Polson*.  We therefore reverse and remand the

order as to the § 1983 claim for further proceedings consistent with this order and

judgment.  We dismiss the appeal denying summary judgment on the § 1981 claim

for lack of jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge